IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Criminal Action No. 05- 37 |
| | : |
| ALIRIO GALLEGO-DUGUE, | : |
| ERICA ROMERO, and | : |
| JAMIE NUNEZ, | : |
| | : |
| Defendants. | : |

REDACTED

## INDICTMENT

The Grand Jury for the District of Delaware charges that:

## COUNT ONE

On or about April 14, 2005, in the State and District of Delaware, Alirio Gallego-Dugue, Erica Romero, and Jamie Nunez, the defendants, did knowingly conspire with each other to, with intent to defraud, pass and utter counterfeited obligations of the United States, e.g. counterfeit $100 Federal Reserve notes, in violation of 18 U.S.C. § 472, and in furtherance of the conspiracy, the defendants committed the following overt acts:

    a. On or about April 14, 2005, Alirio Gallego-Dugue possessed counterfeit $100 Federal Reserve notes;

    b. On or about April 14, 2005, Erica Romero possessed counterfeit $100 Federal Reserve notes in her purse;

    c. On or about April 14, 2005, Jamie Nunez possessed counterfeit $100 Federal Reserve notes in her purse;

  d.  On or about April 14, 2005, Erica Romero made several purchases at stores in North Wilmington, Delaware using counterfeit $100 Federal Reserve notes that she had received from Alirio Gallego-Dugue. Erica Romero received genuine currency as change for her purchases and shared the genuine currency with Alirio Gallego-Dugue; and

  e.  On or about April 14, 2005, Jamie Nunez, defendant herein, made several purchases at stores in North Wilmington, Delaware using counterfeit $100 Federal Reserve notes that she had received from Alirio Gallego-Dugue. Jamie Nunez received genuine currency as change for her purchases and shared the genuine currency with Alirio Gallego-Dugue;

all in violation of Title 18, United States Code, Section 371.

## COUNT TWO

On or about April 14, 2005, in the State and District of Delaware, Alirio Gallego-Dugue, the defendant, with the intent to defraud, did knowingly keep in his possession counterfeit obligations of the United States, that is, counterfeit $100 Federal Reserve notes, in violation of Title 18, United States Code, Section 472.

## COUNT THREE

On or about April 14, 2005, in the State and District of Delaware, Erica Romero, the defendant, with the intent to defraud, did knowingly keep in her possession counterfeit obligations of the United States, that is, counterfeit $100 Federal Reserve notes, in violation of Title 18, United States Code, Section 472.

## COUNT FOUR

On or about April 14, 2005, in the State and District of Delaware, Jamie Nunez, the defendant, with the intent to defraud, did knowingly keep in her possession counterfeit

obligations of the United States, that is, counterfeit $100 Federal Reserve notes, in violation of Title 18, United States Code, Section 472.

## FORFEITURE ALLEGATION

Upon conviction of one or more of the offenses alleged in Counts One through Four of this Indictment, defendants shall forfeit to the United States:

    a.    pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations charged in Counts One through Four; and

    b.    pursuant to 18 U.S.C. § 492 and 28 U.S.C. § 2461(c) all counterfeits of any coins or obligations or other securities and any material or apparatus used or fitted or intended to be used in the making of such counterfeits in violation of 18 U.S.C. § 472.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 28 U.S.C.

§ 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

A TRUE BILL:

Foreperson

COLM F. CONNOLLY
United States Attorney

BY: _____
Beth Moskow-Schnoll
Assistant United States Attorney

Dated: April 26, 2005




-4-