AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of     Delaware

UNITED STATES OF AMERICA

V.

Alirio Gallego-Dugue
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: CR05-37-1-JJF

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense
    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

X (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence X a preponderance of the evidence. Defendant is from Columbia. If convicted he is subject to revocation of his green card and deportation. On April 14, 2005, defendant and 2 women (co-defendants) were stopped by DSP in New Castle County. Defendant resides in New Jersey. They had just left a store after making purchases with counterfeit money. Found in the vehicle was over $12,000 in counterfeit money. The officers interviewed the two women who reported that this had been the 8th store that they had been to whereby defendant gave them the money and then dropped them off at various stores to exchange the fake $100 bills for "real" money. After getting the real money, it would then be wired to Columbia. Defendant admitted to knowing that the money was counterfeit. It appears that this money may also have originated from Columbia. He also admitted to buying $10,000 worth of counterfeit money for $5,000. This particular money is very well done – essentially good fake money, which included a watermark. This fake money is consistent with other counterfeit money found in other jurisdictions (CA, IL, CO, FL for example). Although defendant has lived in the US for most of his life, he presently has a Columbian passport and he attended high school in that country. He presently is not employed and has no source of income. His last employment was a year ago. In addition to the present charges, he is also facing charges by the DSP of possession of a non-narcotic controlled substance, possession of a narcotic controlled substance and conspiracy second degree. Defendant was denied naturalization in February 2004 in part due to his various addresses in NJ and poor moral character (lying). Although defendant has friends and family in the US, there is no evidence that they were aware of his possible criminal conduct and there is serious doubt regarding his actual residency. For the reasons contained herein, the court finds that defendant is a risk of flight.

FILED

MAY 10 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472 (Rev. 3/86) Order of Detention Pending Trial

_____

_____
_____
_____
_____
_____

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| May 10, 2005 | _____ |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).